Consuelo ALEMAN, Appellant,

v.

**LABORERS NATIONAL PENSION FUND, Appellee.**

**No. 5819.**

Court of Civil Appeals of Texas, Waco.

Nov. 10, 1977.

Rehearing Denied Dec. 1, 1977.

Michael Woods Wagner, San Antonio, for appellant.

Bart Wulff, Akin, Gump, Hauer & Feld, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Aleman from an order sustaining defendant Laborers National Pension Fund's plea of privilege to be sued in Dallas County.

Plaintiff sued defendant in Bexar County alleging she was the widow of Demetrio Aleman; that he died December 3, 1973; that at time of death he was a member of Builders and Construction Union Local 93 and was covered by a policy of insurance therein; that pursuant to the terms of such policy he was eligible for benefits; that deceased or plaintiff received no remuneration although same was requested, to plaintiff's damage.

Defendant filed its plea of privilege to be sued in Dallas County, the County of its residence.

Plaintiff controverted asserting venue maintainable in Bexar County under Subdivisions 23 and 28, Article 1995 VATS.

Defendant by reply asserted it was not a private corporation and not an insurance company; that it is a "tax exempt pension plan trust created pursuant to Title 26, U.S.C.A. Section 401; that it has 10 trustees; that its principal office is in Dallas County; and that an action against it can only be brought in Dallas County pursuant to Article 7425b–24 VATS.

The trial court after hearing, sustained defendant's plea of privilege and ordered the cause transferred to Dallas County.

Plaintiff appeals on one point: "The court erred in holding that the contract herein sued on was not a policy of insurance, and Defendant not an Insurance Company".

Plaintiff relies only on Subdivision 28 Article 1995 which provides that suits on policies of insurance may be brought in the county where the loss occurred or where the policy holder or beneficiary instituting suit reside.

Subdivision 30, Article 1995 provides "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given".

And Article 7425b–24–B expressly provides that in suits against trusts: "Where there are two or more trustees, then the venue shall be in the county where the principal office of the trust is maintained".

The evidence is that defendant is not an insurance company; is not a private corporation; but is a pension plan trust under Section 401 of the Internal Revenue Code; that it has 10 trustees; and has its principal office in Dallas, Texas.

Plaintiff's point is overruled.

AFFIRMED.